UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

Case No. 3:23-cv-135

Groh, Trumble, Sims
(re: Crim. No. 1:10-cr-395-LO-1, E.D.Va.)

ZACHARY CHESSER,
Petitioner,

v.

S. LOVETT, WARDEN,
Respondent.

FILED
MAY 25 2023
U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

## Petition for Writ of Habeas Corpus or Audita Querela

I move this court pursuant to 28 U.S.C. §§ 1615 and 2241 for a writ of habeas corpus or audita querela vacating Count Two of my convictions in United States v. Chesser, crim. no. 1:10-cr-395-LO-1 (E.D.Va.), in light of United States v. Taylor, 142 S.Ct. 2015 (2022).

I apologize for not being able to use the court's standard forms. This is explained in a separate motion.

I also recognize audita querela is weird, but there is a current controversy over whether 28 U.S.C. § 2255(e) effectively eliminates § 2241. Because I preserved a Taylor claim in my 2255 and am innocent, I meet the obscure standard for audita querela, and § 2255(e) only applies to habeas corpus. In short: this is not frivolous pro se stuff.

1

## Subject Case

Court of Judgment: Eastern District of Virginia (Alexandria)

Case No.: 1:10-cr-395-LO-1

Date of Judgment of Conviction: 2/24/10

Date of Sentencing: 2/24/10

Length of Sentence: 300 months BOP, 3 years supervision

Nature of Convictions:

- Count One (60 months) — Communicating Threats, 18 U.S.C. § 875(c).
- Count Two (120 months) — Soliciting Others to Engage in Conduct Constituting a Felony that Has as an Element the Threatened Use of Physical Force, 18 U.S.C. § 373.
- Count Three (120 months) — Providing Material Support to a Foreign Terrorist Organization, 18 U.S.C. § 2339B.

Projected Release Date: 1/1/32

Plea: Guilty

Appeal: No direct appeal.

2255: Denied / COA denied (Doc. 88), COA also denied by Fourth Circuit (well before Taylor)

## Parties

Zachary Chesser, Petitioner, Reg. No. 76715-083, U.S.P. Hazelton, P.O. Box 2000, Bruceton Mills, WV 26525.

S. Lovett, Warden, Respondent. U.S.P. Hazelton, P.O. Box 450, Bruceton Mills, WV 26525.

## Introduction

This is a straightforward case based on Taylor, 142 S.Ct. 2015 (2022). In Taylor, the Supreme Court

held that neither endangerment nor "attempted threats" sufficed for predicates required to have the "threatened use of physical force as an element." My underlying felony for Count Two is a strange combination of four statutes and subsections whose elements are "conveying false information about attempted threats to endanger others with an explosive device or substance near mass transportation." 18 U.S.C. §§ 1038 and 1992(a)(2), (a)(9) and (a)(10). This part's not complicated, nor is the Fourth Circuit's actual innocence jurisprudence and how it overcomes all issues related to my pleading guilty.

What is complicated is whether 2241 is a viable vehicle and what its test will be. Habeas corpus is only available if a 2255 is "inadequate and ineffective." § 2255(e). The Supreme Court is currently considering that issue in *Jones v. Hendrix*, 8 F.4th 683 (8th Cir. 2021), cert. granted 142 S.Ct. 2706 (2022). I meet the Fourth Circuit's current standard, but that could be overruled. Unlike virtually all other cases, however, I actually preserved a "futile" (at the time) claim in my original 2255 which was later vindicated by *Taylor*. My situation is not before the Supreme Court, so *Jones* is unlikely to rule a 2241 out. However, if it does, I'd still meet the obscure

3

standard for audita querela, and § 2255(e) specifically only applies to habeas corpus.

The alternative is to hold I must serve the last decade of my sentence for the crime of correctly arguing my innocence in a timely manner using the proper cause of action but before courts were ready to realize I was right. This is an absurd result that is worse than arbitrary detention — worse than most crimes, in fact.

My conduct underlying Count Two was awful, but it was not illegal. I hope we can separate the two ideas, as moral and legal guilt are very different concepts with separate considerations.

## Procedural Background and Charge

In 2010, I pled guilty to the three counts described above, the second of which was for "soliciting others to engage in conduct constituting a felony that has as an element the threatened use of physical force against another, in violation of 18 U.S.C. § 373." Doc. 31 p.1. That allegedly criminal conduct was placing suspicious but harmless bags in public places in hopes of provoking bomb squad responses (without self-reporting). Doc. 28 pp. 13-15. This was alleged to have violated

4

"18 U.S.C. § 1992(a)(2), (a)(9), & (a)(10); and 18 U.S.C. § 1038." Doc. 28 p. 13. Unfortunately, there is no clear description of this crime and no way to definitively know how these provisions combine, but the likeliest construction of the predicate is conveying false information about attempts to threaten to endanger others by placing an explosive device or substance near mass transportation. I received 300 months in 2011.

Because the BOP initially denied me access to my case file (I had to sue), I filed my 2255 in 2015. Doc. 67. Due to mistakes related to being pro se, the court let me file new claims in a reply and a supplemental 2255 (Doc. 84) that incorporated it. Docs. 80 & 88 p.1. My "Reply to Government's Consolidated Response" ("Reply") should be around Doc. 81, but my account is encumbered, so I can't order a docket sheet to be certain.

The Reply, pp. 114-16, is where I preserved my Taylor claim. I specifically argued the issues of endangerment and attempted threats, using a would-be robber-by-threat example analogous to Taylor's:

> While § 1992(a)(10) has 'threats' as an element, § 1992(a)(2) does not have the 'use of force' as an element so a threat to violate it is not a viable felony under § 373(a). One could place explosives on a train with the intent of endangering people to extort money or even for its own end.

5

Reply, p. 115.

The court denied my claims and both it and the Fourth Circuit held they weren't even "debatable" and denied me a certificate of appealability. Doc. 88 pp. 19-20 (the court never even cites my predicate and seems to confuse what I was charged with).

Six years later, Taylor vindicated my arguments.

# Facts

Are irrelevant to elements clause claims. Taylor, at 2022.

# Argument

First, I'll address Taylor, then relevant actual innocence law, and finally the habeas corpus and audita querela standards.

## I. Conveying false information about attempted threats to endanger others on mass transportation does not require one to threaten violence.

Does leaving your backpack in your seat when you get off a train convey a serious expression of an intent to do violence? No. Case closed. Even the example from my charge suffices to invalidate my underlying felony, but we may as well be lawyerly:

The relevant elements of Count Two are: (1) "convey[ing] false information... concerning an attempt or alleged attempt," § 1992(a)(9) and § 1038; (2) to "threate[n]," § 1992(a)(10); (3) to "plac[e] any... destructive device in, upon, or near railroad ontrack equipment or a mass transportation

6

vehicle with intent to endanger the safety of any person, or with a reckless disregard for the safety of human life," § 1992(a)(2).

The record does not actually allow for a definitive construction of my charge, but this is the closest form to the facts. It isn't clear how § 1038 is supposed to be applied to § 1992. It doesn't matter, however, because § 1992(a)(2), the ultimate underlying charge, is invalid on its own, so threats, hoaxes, and hoax-threats to violate it are all even more invalid.

In Taylor, the Supreme Court reaffirmed its "categorical approach" to "elements clause" statutes. Id. at 2022. If it's in any way theoretically possible to commit a crime without using, attempting to use or threatening to use violent physical force, that crime cannot underlie an elements clause crime like § 373. Id., at 2022-23. Taylor considered "attempted threats" and used a foiled robbery-by-threat example analogous to my own to hold crimes commitable by attempted threats are invalid predicates. Id.

When the government sought to get around this, by arguing "threats" referred to "endangerment," the court rejected this interpretation of the "threatened use of physical force." Id. at 2023 &

7

2025. In two other cases, it held that even actual injuries resulting from endangerment did not suffice due to mens rea issues. *Borden v. United States*, 593 U.S. ___ (2021) (reckless aggravated assault); *Leocal v. Ashcroft*, 543 U.S. 1 (2004) (DUI crash).

It's easiest to say, "Hoaxes, duh," and move on, but it's more definitive to show how § 1992(a)(2) itself is an invalid predicate. The following all violate § 1992(a)(2) but do not actually involve the use, attempted use, or threatened use of physical force:

A.  Jim wants to rob people on a train, so he places an explosive on board, planning to use their endangerment to threaten them, but he is arrested before he can make the threat.

B.  Jim intentionally endangers people by bringing an explosive on a plane to make a point about lax security.

C.  He does this as a daredevil.

D.  Jim recklessly sets up a propane grill or fireworks display on a tarmac.

§ 1992(a)(2) is intentionally this broad because it gives the government the ability to *prevent* loss of life. Even Example D is a very serious crime, even if it isn't as menacing as the others. If even § 1992(a)(2) is invalid, it's impossible hoaxes or threats about it can be valid. To realize how silly this would be, replace the bomb in examples A to C with a harmless bag. Is the lack of

8

a real bomb what makes this violent? No.

I am innocent of Count Two.

II. Actual innocence overcomes guilty pleas.

Actual innocence is its own claim in the Fourth Circuit. *United States v. Adams*, 814 F.3d 178 (4th Cir. 2016). While "actual innocence" means "factual innocence", *Bousley v. United States*, 523 U.S. 614 (1998), the Fourth Circuit has clarified that the lack of a valid underlying felony meets this standard. *United States v. Burleson*, 815 F.3d 170, 171 n.1 (4th Cir. 2016). It has also clarified that *Bousley*'s requirement (at 624) that those who pled guilty show actual innocence of more serious forgone charges only applies to ones stemming from the same conduct, such as a forgone murder charge with a manslaughter conviction. *Adams*, at 183. *Bousley* also limits "forgone charges" to those in the record as forgone charges. *Id.* at 624.

All my forgone charges are related to Count One. If necessary, my original 2255 suffices to show my innocence of those charges. The government has tried to get around this by alleging a forgone charge that isn't in the record as one, but it is also unrelated to Count Two and they haven't provided a necessary predicate for it anyway. And the original 2255 proceedings would show my innocence

9

anyway.

## III. 2241 is viable.

§ 2255(e) states that habeas corpus (§ 2241) is only available if a 2255 is "inadequate and ineffective" to test the legality of a conviction. This is currently being debated in *Jones*, where the Eighth, Tenth and Eleventh Circuits rejected futility as an excuse not to raise a claim in an original 2255, even where a new statutory decision establishes a petitioner's innocence and cannot, because it is statutory, be brought in a successive 2255. No court has squarely addressed a claim like mine where the petitioner preserved a then-futile claim, and this technically is not before the Supreme Court in *Jones*, even if dicta is likely to address this if it sides with the minority. My case is pretty clear when viewed in isolation. The word "ineffective" cannot be superfluous. A 2255 was provably inadequate and ineffective in my case, as two courts held my *Taylor*-like claims beneath *debate* in 2016, and I can't file a successive 2255, as it's a statutory issue.

I easily meet the more relaxed standard of the Fourth Circuit, which applies when: (1) at the time of conviction, settled

law of this Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the petitioner's appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

The denial of a COA was based on a "debatability" standard, so this is a binding holding on the futility of my claims at the time. I'm innocent under Taylor. It came after my 2255. It's not a constitutional claim.

IV. If 2241 is unavailable, audita querela is.

§2255(e) applies only to habeas corpus, not to audita querela, which is basically coram nobis for the still-incarcerated. It is obscure, because all other writs must be unavailable and the objection must arise postconviction. In re Moore, 487 F. App'x 109 (4th Cir. 2012); Shah v. United States, 2017 U.S. Dist. LEXIS 116709, 18 (S.D.W. Va. July 26, 2017). Also, to be "unavailable," one must not simply have missed a deadline or procedurally defaulted on another writ or postconviction option. Shah, at 18. Under the majority's standard for 2241's, this scenario is unlikely, so audita querela has become obscure. However, if a 2241 is unavailable, I do meet this test. The alternative is to

punish me with a decade of incarceration for a crime I did not commit — that does not even exist — because I correctly argued the law in a timely manner. Has the legal system degenerated into purely a "system of process," or is it still something that aspires to be a system of justice?

## Conclusion

For these reasons, this petition should be granted.

Respectfully submitted,

*[signature]*

Zachary Chesser
Reg. No. 76715-083
U.S.P. Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525

## Verification

I state the forgoing to be true under penalty of perjury pursuant to 28 U.S.C. § 1746.

*[signature]*
Zachary Chesser

## Mailing

I certify under penalty of perjury that this was placed in my prison's legal mail system with prepaid postage on 5/22/23.

*[signature]*
Zachary Chesser

12